Daniel, J.
This petition of review has travelled from the County Court of Edgecomb to this Court; and, after examining it, we are unable to discover any error in the original decree. There was no other rule of valuation of the slaves, to make up the $2000 each for the younger children, as directed by the will, than the then market valuation. If the younger children had preferred money,, then their respective allotments in property would each have commanded $2000.
The advancements, which had been made by the testator to his five eldest children, to make up each of their $2000, were composed of very different kinds of property; and were also made at considerable intervals of time, as his said children settled off in life. It seems to us, that it would have been very difficult for the testator to have framed a different scheme of valuation from the market value of his property, which was left to accumulate in the hands of his executor, so as to have effectually carried out what seems to have been his general intention— equality among all his children.
But it does not appear, that the testator ever left, with *88 any of his said five eldest children, a schedule containing a scale or principle of valuation of his property, for the purposes of division among all his children. It therefore becomes unnecessary for us to discuss the question, if he had done so, whether it would have been made, by what is said in the will, a testamentaiy paper, requiring probate.
We think that the petition must be dismissed, and the decree of the Superior Court affirmed.
Per Curiam. Decree accordingly.